UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAYCHEX, INC.,

                              Plaintiff,

                                                                                            <u>DECISION AND ORDER</u>

                                                                                             21-CV-6540L

                              v.

NYDIA JEAN SALAZAR,

                              Defendant.
_____

       This is an action by Paychex, Inc. against a former employee, Nydia-Jean Salazar. Paychex brought the action in New York state court, and Salazar removed the action to this Court on August 19, 2021.

       On September 30, 2021, in open court, this Court granted plaintiff's motion to remand this action to state court, and directed plaintiff to submit documentation in support of its accompanying request for attorney's fees. The deadline for that filing was October 7, 2021.

       On October 7, Paychex submitted a hard copy of its papers in support of its attorney's fee request, and electronically filed a motion (Dkt. #16) to file those papers under seal. The gist of the basis for the motion is that it would be damaging to Paychex's counsel to publicly file the details of plaintiff's fee request, which includes information about the time spent on the case and counsel's hourly rates.

       There is a "presumption of access" to documents filed with a court. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *Standard Chartered Bank, Int'l v. Calvo*, 757

F.Supp.2d 258, 259-60 (S.D.N.Y. 2010) ("the federal courts have recognized a strong presumption of public access to court records").  That presumption extends to motions for attorney's fees and related documents.  *See*, *e.g.*, *M.A. Mobile Ltd. v. Indian Inst. of Tech.*, No. 08-cv-2658, 2021 WL 23291, at *2 (N.D.Cal. Jan. 4, 2021).

As the court stated in *M.A. Mobile*, "[a]ttorney billing rates are routinely and uncontroversially included in motions and judicial orders.  ... That interest outweighs whatever speculative disadvantage the firm believes it will be placed at from revealing billing rates ... in one particular proceeding."  *Id.*  *See also BASF Corp. v. SNF Holding Co.*, No. 17-cv-251, 2019 WL 3554699, at *9 (S.D.Ga. Aug. 5, 2019) ("courts have found that a purported concern over the public filing of counsel's hourly rates is not a sound legal basis to seal") (internal quote omitted).  I see no reason to deviate from that general principle here, and plaintiff's motion to seal is therefore denied.

## CONCLUSION

Plaintiff's motion to file its fee request under seal (Dkt. #16) is denied, and the Clerk of the Court is hereby directed to file and enter on the public docket the papers submitted by plaintiff in support of its request for attorney's fees.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      October 18, 2021.